UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ADRIAN RYNALL MASCHO,

    Plaintiff,

    v.      CAUSE NO. 1:22-CV-142-HAB-SLC

REED,

    Defendant.

## OPINION AND ORDER

Adrian Rynall Mascho, a prisoner without a lawyer, filed a complaint with unrelated claims. ECF 6. After he was told he could only pursue related claims, he notified the court he wanted to limit this case to the claim against Bailiff Reed. ECF 10. The other defendants were dismissed and this case now proceeds only on the claim against Bailiff Reed. ECF 11.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mascho alleges Bailiff Reed failed to protect him from attack by a member of the public in the back hallway of the Allen County Courthouse on April 1, 2022. ECF 6 at

¶¶ 4 and 14. He alleges he was a pretrial detainee when he was attacked. ECF 6 at 12. A pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). However, for a pre-trial detainee to establish a claim under the Fourteenth Amendment, "it will not be enough to show negligence or gross negligence." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Here, Mascho alleges he was handcuffed with another criminal defendant, Tre Zweig, as Bailiff Reed was escorting them from the courtroom to a holding cell. He alleges they walked down a back hallway where members of the public were gathered. In the hallway, a woman was hiding before she attacked him and Bailiff Reed even though she intended to attack Tre Zweig. Based on these allegations, there is no indication Bailiff Reed intended to punish Mascho by allowing the women who was hiding in the hallway to injure him when she attempted to attack Tre Zweig.

Mascho argues Bailiff Reed should not have proceeded down the hallway when he saw members of the public gathered there. He argues Bailiff Reed should have

cleared the hallway before escorting him further. In hindsight, that would have been prudent, but at most this alleges Bailiff Reed was negligent. Negligence is insufficient to establish a Fourteenth Amendment violation. *Miranda*, 900 F.3d at 353. Walking Mascho down the courthouse hallway to a holding cell was rationally related to the legitimate, nonpunitive governmental purpose of keeping him in custody and it was not excessive in relation to that purpose. The allegation the woman was hiding shows Bailiff Reed could not have known she was there or that she posed a threat to Mascho before she attacked them both of them while trying to attack Tre Zweig.

Mascho argues Officer Reed should not have cuffed him to Tre Zweig because he is a protective custody inmate and Tre Zweig is in general population. However, even if Mascho should not have been cuffed with a general population inmate, doing so cannot be considered excessive given that Tre Zweig did not attack him. Though Mascho might argue he would not have been attacked by the woman if he had not been handcuffed to Tre Zweig, the attack was not a reasonably foreseeable consequence of pairing the two of them together.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 3, 2022.

                                                        s/ Holly A. Brady  
                                                        JUDGE HOLLY A. BRADY  
                                                        UNITED STATES DISTRICT COURT